## P. L. LANE *v.* JAMES BREEDEN ET AL.

**Vendor and Purchaser—Vendor's Lien—Pleading.**

A complaint to enforce a vendor's lien, which fails to allege how the land was sold, whether by parol, by bond or by deed, and makes no statement from which the court can infer that a lien had been retained by the vendor, is insufficient.

APPEAL FROM GRANT CIRCUIT COURT.

October 21, 1873.

OPINION BY JUDGE PRYOR:

We deem it unnecessary to allude to the evidence affecting the rights of these parties. Lane is insisting upon his right to enforce what in an agreement he designated as a lien upon the land sold by Brumback to Breeden. The pleading upon which he seeks to enforce this lien is obviously defective; he fails to allege how this land was sold to Ashcraft, whether in parol, by bond, or deed, and makes no statement from which this court can infer that a lien was retained by the vendor. It is alleged that the notes were given for the purchase money for the land. The petition of Lane must contain all the allegations made necessary in an original petition to enforce vendors' liens, and particularly should it be so, when a third party asserts his claim as purchaser. If Lane had filed this petition against Ashcraft and Brumback to enforce this lien a judgment by default could not have been rendered, as there is no allegation showing that a lien existed or that any was retained. Ashcraft is not responsible personally, as the land was redelivered to Brumback by the consent of the attorney of Lane, in order that Brumback might use it to pay that debt.

The judgment below is affirmed.

*Fisk, Green,* for appellant.

*Drane,* for appellees.